## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| HAGERTY CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:22-cv-373 |
| ) | |
| BALDWIN COUNTY COMMISSION, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

COMES NOW Plaintiff Hagerty Consulting, Inc., and files this Complaint against Defendant Baldwin County Commission and asserts the following:

### The Parties

1. Hagerty Consulting, Inc. ("HCI") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in the State of Illinois. HCI is a citizen of the State of Illinois.

2. The Baldwin County Commission is the governing body of Baldwin County, Alabama under Alabama law including but not limited to ALA. CODE § 11-1-5, with the power to sue or to be sued. Defendant is a citizen of the State of Alabama.

3. The services to be performed by HCI under the contract with Baldwin County Commission made the basis of this Complaint concern work by HCI as a qualified disaster recovery consultant with Baldwin County, Alabama, a county which is within those counties comprising the Southern District of Alabama, Southern Division.

4. Jurisdiction of this action is therefore proper under 28 U.S.C. § 1332(a)(1) as it is a controversy between citizens of different states and, as shown below, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue of this action is proper in the Southern District of Alabama under 28 U.S.C. § 1391.

### Facts

6. HCI is a corporation engaged in the business of disaster recovery and consulting.

7. HCI and the Baldwin County Commission approved and entered into a Professional Services Contract executed on or about February 2, 2021, with a Not to Exceed amount of $1,500,000.00. This contract is attached to the Complaint as **Exhibit A**. Said contract was expressly approved and executed by the Baldwin County Commission.

8. Under the Professional Services Contract, HCI was to render certain services relative to disaster response, mitigation, recovery, preparedness, and planning, including support of the Baldwin County Emergency Rental Assistance Program for COVID-19 (hereinafter, "the Program").

9. A task order of $600,000.00 from a Not to Exceed amount of $1,500,000.00 was approved by Baldwin County's Director of Finance, Cian Harrison in order to support the design, implementation, and close out of the Program.

10. HCI has performed services for Baldwin County Commission pursuant to the Professional Services Contract. In accordance with the Professional Services Contract, HCI has performed services which have been billed to Baldwin County Commission in the total amount of $601,458.01. Said billings have been made by HCI to Baldwin County Commission monthly in accordance with the terms of the Professional Services Contract.

11. Baldwin County Commission has paid to HCI to date the total amount of $286,283.20 under the Professional Services Contract, which leaves a principal amount due and owing to HCI of $313,716.80. This calculation regarding the principal amount due is based on the original approved task order amount ($600,000) minus the total amount paid ($286,283.20), and not based on the total amount invoiced.

12. Baldwin County Commission has failed and/or refused to pay the aforementioned amount due and owing to HCI.

13. HCI has fulfilled all conditions precedent to the filing of this suit, including but not limited to the presentment of its claim to the Baldwin County Commission pursuant to ALA. CODE § 6-5-20. See **Exhibit B**.

## Count I – Breach of Contract

14. HCI adopts and incorporates all prior paragraphs of the Complaint as if fully set forth herein.

15. Plaintiff HCI and Defendant Baldwin County Commission entered into a valid Professional Services Contract.

16. HCI performed services pursuant to the provisions of the Professional Services Contract, and billed amounts to the Baldwin County Commission in accordance with the provisions of the Professional Services Contract. HCI performed its duties and obligations under the Professional Services Contract.

17. Baldwin County Commission failed and/or refused to pay the amounts invoiced by HCI for its services under the Professional Services Contract, with a current balance due to HCI and owing by Baldwin County Commission in the amount of $313,716.80.

18. The failure and/or refusal of Baldwin County Commission to pay to HCI the aforementioned sum constitutes a breach by Baldwin County Commission of the Professional Services Contract.

WHEREFORE, Plaintiff Hagerty Consulting, Inc. seeks judgment against Baldwin County Commission for compensatory damages in the amount of $313,716.80, together with pre-judgment interest and costs of court, as well as any further relief to which Plaintiff Hagerty Consulting, Inc. may be entitled.

        Respectfully submitted,

        *s/ Michael D. Strasavich*
        MICHAEL D. STRASAVICH   (STRAM9557)
        CATHERINE SIMON SPANN   (SIM104)
        *Attorneys for Plaintiff Hagerty Consulting, Inc.*

**OF COUNSEL:**
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama 36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
Email:  mstrasavich@burr.com
        cpann@burr.com